## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE F. TROMBETTI, DESAREE** | **:** | **CIVIL ACTION** |
| **R. ICZKOWSKI** | **:** | |
| | **:** | |
| **v.** | **:** | **NO. 25-1362** |
| | **:** | |
| **ALDAN BOROUGH, DELAWARE** | **:** | |
| **COUNTY TAX CLAIM BUREAU,** | **:** | |
| **JOHN WHITE, KAREN DUFFY,** | **:** | |
| **STEVEN ZIVIELLO, OFFICER** | **:** | |
| **ANDREW DURIS, OFFICER** | **:** | |
| **KENNETH COPPOLA JR., OFFICER** | **:** | |
| **RYAN BELL, OFFICER ZAHNER,** | **:** | |
| **DAVID CLARK, JAMES F. BURGER,** | **:** | |
| **DAVE SMITH, THERESE SMITH,** | **:** | |
| **BILLY PLYMOUTH, JOHN GOULD,** | **:** | |
| **NATHAN KRAUTHAMER, THERESE** | **:** | |
| **M. BURGER, NATHAN GOODE** | **:** | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                            **August 1, 2025**

We today review an amended Complaint filed with leave after we dismissed the complaint seven weeks ago. The prolix amended Complaint does not cure the fundamental problem: the citizens cannot allege facts allowing us to plausibly infer their local officials and others violated their federal constitutional or statutory rights.

The same principles apply today as we detailed in our June 9, 2025 Memorandum dismissing their first round of allegations:

> A former homeowner and his fiancée pro se claim a wide variety of state actors, estranged family members, and others conspired to retaliate against them for challenging what they perceive to be fraud in Florida organ donation procedures causing state actors in Delaware County to not respond to their needs and a Delaware County tax bureau to foreclose on their home in September 2024. The former homeowner and his fiancée do not plead specific facts demonstrating concert of action. Our federal courts offer aggrieved persons a due process opportunity to seek redress based on well-pleaded facts allowing us to plausibly infer a claim within our limited jurisdiction. We allowed the former homeowner

and his fiancée to proceed without paying filing fees and must now screen their allegations (as well as supplemental allegations) before approving summons. We studied their Complaint and supplemental facts mindful we attempt to liberally construe filings from persons proceeding without lawyers. But we cannot discern a single claim against the state actors, family members, and private businesspersons arising from the donation of the homeowner's mother's organs upon her passing in Florida in 2021, police conduct in Delaware County, and a September 2024 foreclosure on Mr. Trombetti's former home by local tax authorities.[1]

Plaintiffs believe there is some nexus between challenges to organ donation conduct in Florida and their troubles in Delaware County. But they offer no facts allowing us to plausibly infer a nexus. We granted them leave to do so. They could not. We dismiss with prejudice their federal constitutional claims and the Americans with Disabilities Act claims.

## I.    Pro se allegations

Delaware County citizen George Trombetti and his fiancée Desaree Iczkowski return to us with a ninety-one-page amended Complaint and three separately filed exhibits interspersed with allegations and claims totaling over 800 pages.[2] The amended Complaint, like its predecessor, arises from the alleged wrongful death and fraudulent organ donation procedure of Mr. Trombetti's mother who died in Florida in 2021.

Mr. Trombetti alleges he is a federally protected whistleblower by reporting to federal authorities his concern with fraud in the organ donation process relating to his mother's death in Florida. Mr. Trombetti alleges his protected whistleblowing in Florida led the Delaware County Tax Claim Bureau, Aldan Borough, and Aldan Borough police and Mr. Trombetti's family members to conspire to deprive him of his federal civil rights and foreclose on his home in Aldan Borough, Delaware County. He brings section 1983 claims against state and private actors alleging retaliation for this whistleblowing activity in violation of the First Amendment and his due process and equal protection rights under the Fourteenth Amendment by orchestrating a fraudulent tax

foreclosure.[3] Mr. Trombetti alleges this same retaliatory conduct violates the National Defense Authorization Act, a federal statute protecting whistleblower employees of federal grant recipients from retaliation.[4]

Ms. Iczkowski alleges she is disabled as defined by the Americans with Disabilities Act and unnamed "Defendants," unidentified persons in the Aldan Borough Police Department, and Aldan Borough employee John Gould discriminated against her by threatening her service dog, failing to assist her in filing police reports for unidentified events, evicted her and seized her home, and profiled her based on her disability in violation of the Americans with Disabilities Act.[5]

## II. Analysis

Mr. Trombetti and Ms. Iczkowski seek punitive damages, compensatory damages, attorney's fees and costs.[6] Mr. Trombetti also seeks injunctive relief asking us to stop the foreclosure action of his Aldan home, declare the state court foreclosure action "defective" and void the foreclosure sale, "restore" title of the Aldan home to him, order unidentified "law enforcement" to release withheld evidence, body camera footage, and exculpatory reports relating to an unidentified criminal complaint, prevent further interference with his "legal rights, home, and financial stability," and investigate state court foreclosure and tax collection actions against him as retaliatory.[7]

We dismiss the amended Complaint because it does not comply with Federal Rule of Civil Procedure 8's "short and plain statement" requirement and does not plausibly state a claim for relief. We dismiss with prejudice after affording an opportunity to amend guided by our detailed analysis in the June 9, 2025 Memorandum. Our June 9, 2025 Memorandum explained to Mr. Trombetti and Ms. Iczkowski our obligation, imposed by Congress, to screen their Complaint before issuing summons where they are proceeding without paying the filing fees.[8] We explained

Federal Rule of Civil Procedure 8 requires a short and plain statement of the grounds for our jurisdiction, a short and plain statement of the claim showing they are entitled to relief, and demand for relief sought. We explained dismissal under Rule 8 is appropriate when a complaint leaves the defendants having to guess at the causes of action.[9]

We dismissed Mr. Trombetti and Ms. Iczkowski's Complaint with leave to timely amend if they could do so consistent with Federal Rules of Civil Procedure 8 and 11.[10] We allowed Mr. Trombetti and Ms. Iczkowski to amend their complaint to plead violations of their constitutional and civil rights, the National Defense Authorization Act, the Americans with Disabilities Act, and the Rehabilitation Act. We reminded Mr. Trombetti and Ms. Iczkowski an amended complaint must be grounded in facts tying the alleged conduct in Florida and Delaware County to cognizable federal claims consistent with Rules 8 and 11.[11]

**A.  We dismiss the amended Complaint under Rule 8.**

The Supreme Court through Rule 8 requires a complaint provide a "short and plain statement" of the claim to give "fair notice of what the claim is and the grounds upon which it rests."[12] Although our Court of Appeals directs us to liberally construe pro se pleadings, a pro se complaint must allege sufficient facts to support a claim.[13] A complaint must present cognizable legal claims to which a defendant can respond on the merits.[14]

Our June 9, 2025 Memorandum explained to Mr. Trombetti and Ms. Iczkowski their fifty-page Complaint repeats allegations of whistleblower retaliation and Delaware County tax foreclosure, is unclear and difficult to follow, groups Defendants together without explaining each individual's role in the alleged wrongdoing, does not allege how Mr. Trombetti qualifies as a federally-protected whistleblower or the specific protected activity leading to alleged retaliation, does not allege facts supporting a conspiracy to deprive Mr. Trombetti of his civil rights, does not

allege facts supporting Ms. Iczkowski's claim under the Americans with Disabilities Act, and the connection between Mr. Trombetti's mother's death and organ donation in Florida with the alleged constitutionally violative conduct in Delaware County and Aldan Borough.[15] We gave examples of allegations in the Complaint falling short of Rule 8's "short and plain statement" of the claims.[16]

We gave Mr. Trombetti and Ms. Iczkowski leave to amend their complaint to plead facts, not conclusions, as to each entity or individual they wish to sue. Mr. Trombetti and Ms. Iczkowski amended their complaint but nearly doubled the length of their allegations. At ninety-one pages, the amended Complaint includes twenty pages of allegations in paragraph form and another seventy-one page "Memorandum of Law and Fact" explaining the fact basis of his federal whistleblower status and alleging facts including a scheme to declare his mother brain dead to obtain her organs by non-party health systems, "counter-intelligence" government operations, Florida Governor Ron DeSantis, United States Senators Grassley and Wyden, and others.[17] Mr. Trombetti alleges violations of Florida statute, violations of the Health Insurance Portability and Accountability Act ("HIPAA"), "clinical homicide," healthcare fraud, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other wide-ranging allegations implicating state and federal governmental agencies allegedly involved in the death of Mr. Trombetti's mother.

We are no closer to a "short and plain statement" of the facts or claims Mr. Trombetti and Ms. Iczkowski intend to assert against the Delaware County Tax Claim Bureau, Aldan Borough, Aldan Borough police officers, and his family members. There are no allegations connecting the Florida medical allegations to the foreclosure action in Delaware County. We cannot find a factual nexus between the complained-of conduct in Florida with the conduct in Delaware County and/or Aldan Borough. The amended Complaint does not meet Rule 8's requirements. Defendants cannot

reasonably be expected to respond to the allegations of the amended Complaint. We dismiss the amended Complaint under Rule 8.

**B.  We dismiss the amended Complaint for failing to state a claim.**

We also find the amended Complaint does not plausibly state claims against the state actors and Mr. Trombetti's family members. We granted Mr. Trombetti and Ms. Iczkowski leave to proceed pro se.[18] We explained in our June 9, 2025 Memorandum Congress requires we screen the amended Complaint before issuing summons if we find their claims frivolous or malicious, do not state a claim on which relief may be granted, or seek monetary relief against immune persons.[19] We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii).[20] Mr. Trombetti and Ms. Iczkowski meet the standard if they plead a "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[21] We accept as true all well-pleaded factual allegations by Mr. Trombetti and Ms. Iczkowski, draw all reasonable inferences in their favor, and construe their allegations in the light most favorable to them to determine whether they plausibly state a claim for relief.[22]

Liberally construing the amended Complaint, Mr. Trombetti and Ms. Iczkowski identify four claims asserted against all Defendants we group as: (1) retaliation in violation of the "federal contractor whistleblower protection" claims under the National Defense Authorization Act; (2) a First Amendment retaliation claim and Fourteenth Amendment due process and equal protection claims, including denial of due process in the foreclosure of the Aldan Borough home; (3) a conspiracy to violate civil rights; and (4) Ms. Iczkowski's claim under the Americans with Disabilities Act.[23]

We will address the asserted claims in groups: the federal whistleblower claims under the National Defense Authorization Act; the First and Fourteenth Amendment violations asserted under section 1983 and a conspiracy to deprive Mr. Trombetti and Ms. Iczkowski of their civil rights under section 1985; and Ms. Iczkowski's Americans with Disabilities Act claims.

We also address section 1983 claims against Mr. Trombetti's family members, real estate agents and buyers, and a "private intelligence contractor" he concedes are private actors, not state actors, and Mr. Trombetti's claims for injunctive relief asking us to stop a Delaware County Tax Bureau foreclosure action.

### 1.    We dismiss all claims asserted against private actors.

Mr. Trombetti and Ms. Iczkowski assert claims under section 1983, the vehicle by which they may assert a constitutional violation against (1) a person acting under color of state law and (2) the complained-of conduct deprived them of rights secured by the Constitution or federal law.[24]

The first element requires a state actor. Mr. Trombetti and Ms. Iczkowski concede David Clark, James F. Burger, Dave Smith, Therese Smith, Billy Plymouth, Nathan Krauthamer, Roger Lucas, Therese M. Burger, and Nathan Goode are all private actors who "acted in concert with" state actors.[25]

Private actors may be considered state actors where "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."[26] Our Court of Appeals applies three tests to determine whether state action exists: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the

acting party that it must be recognized as a joint participant in the challenged activity."[27] The inquiry under each of the tests is fact specific.[28]

Mr. Trombetti and Ms. Iczkowski sue family members James F. Burger, Therese Smith, Dave Smith, and Therese M. Burger, concededly private actors.[29] Mr. Trombetti and Ms. Iczkowski allege Family Defendants James Burger and Therese Smith contributed to obstruction of justice, initiated unidentified false harassment charges against Mr. Trombetti, were "complicit" in concealing Mr. Trombetti's mother's medical condition; Therese Smith texted Ms. Iczkowski and testified at a deposition possibly involving an investigation into Mr. Trombetti's mother's death; Mr. Burger, Therese Smith and Therese M. Burger conspired to defraud Mr. Trombetti of his inheritance; Dave Smith led a "boycott" of the funeral of Mr. Trombetti's mother and threatened to beat Ms. Iczkowski, spoke to Aldan Borough Manager John White allegedly showing concerted action to intimidate Mr. Trombetti; and Therese Smith, Dave Smith, and James Burger are somehow involved in a criminal complaint either against Mr. Trombetti or initiated by Mr. Trombetti.[30]

Mr. Trombetti and Ms. Iczkowski do not allege facts to support a close nexus between the family member Defendants and state actors under any of the three tests. None of these alleged acts involve conduct traditionally within the exclusive prerogative of the State, or plausibly allege facts to show action with the help of, or in concert with, Aldan Borough or Borough police officers, or Delaware County Tax Bureau officials, and there is nothing to show the state actors "so far insinuated itself into a position of interdependence" with the Family Defendants. We dismiss all constitutional claims against James F. Burger, Therese Smith, Therese M. Burger, and David Smith asserted under section 1983.

Mr. Trombetti and Ms. Iczkowski sue David Clark, Billy Plymouth, and Nathan Krauthamer who are (or were) involved in the foreclosure sale of Mr. Trombetti's home in Aldan Borough.[31] From our understanding of the amended Complaint, David Clark purchased Mr. Trombetti's home in Aldan Borough in a tax foreclosure sale.[32] Billy Plymouth appears to be a real estate agent who sold Mr. Trombetti's home in foreclosure through "Property Pal fraud."[33] Nathan Krauthamer is alleged to be an associate of Mr. Clark who contacted Mr. Trombetti before the foreclosure sale in an attempt to coerce Mr. Trombetti in selling his home at a loss.[34]

Mr. Trombetti and Ms. Iczkowski do not allege facts to support a close nexus between Real Estate Defendants and state actors meeting the three tests to determine state action. We dismiss all claims against private actors David Clark, Billy Plymouth, and Nathan Krauthamer under section 1983.

Mr. Trombetti and Ms. Iczkowski allege "private intelligence contractor" Nathan Goode is somehow associated with Advent Health Ocala, a hospital in Florida treating Mr. Trombetti's mother just before her death.[35] Mr. Goode allegedly worked with the Real Estate Defendants to dispossess Mr. Trombetti of his home. There are no alleged facts connecting Mr. Goode with an Aldan Borough official, Aldan police office, or Delaware County Tax Claim Bureau official who could be considered a state actor.[36] We dismiss all claims against private actor Nathan Goode under section 1983.

### 2.  We dismiss whistleblower claims.

Mr. Trombetti and Ms. Iczkowski assert a retaliation claim under the National Defense Authorization Act.[37] Congress through section 4712 of Act protects "[a]n employee of a contractor, subcontractor, grantee, subgrantee, or personal services contractor" from discharge, demotion, or other discrimination "as a reprisal for disclosing to a person or [certain governmental] body

information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant."[38]

By Congress's clear language, the statute applies to ***employees*** of contractors, subcontractors, grantees, subgrantees, and personal services contractors from being discharged, demoted, or otherwise discriminated against as a reprisal for whistleblowing.[39]

Mr. Trombetti does not allege he is an employee of a contractor, subcontractor, grantee, subgrantee, or personal services contractor receiving federal funds. Mr. Trombetti instead asserts in the "Memorandum" accompanying the amended Complaint he "functionally operat[ed]" as an employee of LifeQuest, an alleged federally contracted Organ Procurement Organization.[40] Mr. Trombetti asserts he is a "functional" employee of a federal contractor by virtue of his signature on the authorization to donate his mother's liver.[41] In another section of the Memorandum, Mr. Trombetti contradicts himself, asserting he is a "non-employee" whistleblower.[42] There is no allegation Ms. Iczkowski is an employee under the Act. There are no plausible facts alleged to infer Mr. Trombetti is an "employee" of a federal entity under the Act.

Even if Mr. Trombetti could plausibly allege employment, Congress requires Mr. Trombetti exhaust administrative remedies by filing a complaint with the Inspector General of the executive agency involved in the alleged retaliation.[43] The exhaustion requirement requires whistleblowers working for government contractors to exhaust administrative remedies before bringing an action in federal court.[44] Mr. Trombetti does not plead exhaustion under the Act.

And even if Mr. Trombetti is a "functional" employee of a federal entity and even if he pleads exhaustion of administrative remedies, Mr. Trombetti does not allege retaliation by an employer. Following Mr. Trombetti's logic, if he is a "functional" employee of LifeQuest, it must be his employer. Congress, through the Act, prohibits the employer from retaliating against the employee for whistleblowing. Mr. Trombetti does not allege retaliation in employment; instead, he alleges the Delaware County Tax Claim Bureau and/or Aldan Borough officials and Aldan Borough Police retaliated against him through disputes with family members, police reports, and the foreclosure action on his home. We dismiss claims under the National Defense Authorization Act.

### 3.  We dismiss First Amendment retaliation claims.

Mr. Trombetti and Ms. Iczkowski sued Defendants under section 1983 for retaliation in violation of the First Amendment. They claim Aldan Borough Police Chief Ziviello, Officers Bell, Zahner, Duris, and Coppola and Aldan Borough Manager John White retaliated against them in violation of Mr. Trombetti and Ms. Iczkowski's right to petition the government (Mr. Trombetti's complaints of organ donation fraud in Florida) in violation of the First Amendment.[45]

To state a claim for First Amendment retaliation, Mr. Trombetti and Ms. Iczkowski must allege (1) they engaged in "constitutionally protected conduct"; (2) Defendants "engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights"; and (3) a "causal link between the constitutionally protected conduct and retaliatory action."[46]

Even if Mr. Trombetti and Ms. Iczkowski allege constitutionally protected conduct (and we see no allegations Ms. Iczkowski reported fraud concerns with organ donation) and even if there are allegations of retaliatory conduct, there are no allegations supporting a causal link

between the reporting of fraud in Florida regarding organ donation to the alleged retaliatory actions taken by state actors. We see nothing in two complaints connecting Mr. Trombetti's alleged protected conduct in Florida to Mr. Trombetti's admitted tax debt resulting in the foreclosure on his Aldan Borough home.[47] Mr. Trombetti and Ms. Iczkowski do not plausibly allege a First Amendment retaliation claim. We dismiss this claim with prejudice.

### 4. We dismiss Fourteenth Amendment due process and equal protection claims.

Mr. Trombetti and Ms. Iczkowski allege state actors deprived them of due process and equal protection under the Fourteenth Amendment in two ways: (1) state actors retaliated against Mr. Trombetti because he is a federally protected whistleblower under the National Defense Authorization Act; and (2) state actors violated due process in the state court foreclosure action.

To state a procedural due process claim under the Fourteenth Amendment, Mr. Trombetti and Ms. Iczkowski must allege (1) a deprivation of an individual interest encompassed within the Fourteenth Amendment's protection of life, liberty, or property; and (2) the procedures made available to them did not provide due process.[48]

To state a claim for substantive due process under the Fourteenth Amendment, Mr. Trombetti and Ms. Iczkowski must allege the "particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience."[49]

We already determined Mr. Trombetti's whistleblower claim is not plausible. And even if plausible under the National Defense Authorization Act, Mr. Trombetti does not allege whistleblowing is a right encompassed within the Fourteenth Amendment's protection of life, liberty, or property or how a deprivation of a protected interest by Delaware County Tax Claim Bureau and/or Aldan Borough "shocks the conscience."

Mr. Trombetti also alleges a deprivation of due process by the Delaware County Tax Claim Bureau, Aldan Borough, Tax Bureau Manager Karen Duffy, and private actors Mr. Clark, Mr. Plymouth, and Mr. Krauthamer in the foreclosure sale of his home. As explained, a civil rights claim asserted under section 1983 requires state actors and we already determined Messrs. Clark, Plymouth, and Krauthamer are not state actors based on the allegations of the amended Complaint.

This leaves the Delaware County Tax Claim Bureau, Aldan Borough, and Tax Claim Bureau Manager Duffy. The Delaware County Tax Claim Bureau is an agent of Delaware County.[50] As such, a claim under section 1983 against the Delaware County Tax Claim Bureau is a claim against Delaware County. Mr. Trombetti and Ms. Iczkowski did not sue Delaware County. But even if Mr. Trombetti and Ms. Iczkowski sued Delaware County, the County and Aldan Borough may only be liable under section 1983 for a municipal policy or custom causing a constitutional violation.[51] Mr. Trombetti and Ms. Iczkowski have now twice not alleged a policy or custom causing constitutional harm. We dismiss claims against Aldan Borough and the Delaware County Tax Claim Bureau.

Mr. Trombetti and Ms. Iczkowski must allege the "personal involvement in the alleged wrongs" through allegations of "personal direction or of actual knowledge and acquiescence" to hold Tax Claim Bureau Manager Duffy liable under section 1983.[52] Mr. Trombetti alleges Manager Duffy falsely asserted the sale date of his property, denied a redemption period, and falsely appraised his property "resulting in a fabricated tax deficiency process."[53] Mr. Trombetti's due process claim against Tax Claim Bureau Manager Duffy is based on her conduct with regard to his admitted tax debt. But he does not allege facts of a deprivation of process and he does not allege facts to plausibly infer Tax Claim Bureau Manager Duffy's personal involvement in a deprivation

of process. Mr. Trombetti does not allege how the process available to him to contest the County's tax assessment or tax delinquency deprived him of due process.

We lack jurisdiction to enjoin conduct by the Delaware County Tax Bureau. The Tax Injunction Act prohibits federal courts from enjoining, suspending, or restraining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[54] And taxpayers are barred "from asserting § 1983 actions against the validity of state tax systems in federal courts" if the state court provides "plain, adequate, and complete" remedies.[55] Our Court of Appeals has "repeatedly held that Pennsylvania state courts provide a 'plain, speedy, and efficient' remedy for challenges to assessments of real property taxes."[56] Even accepting as true Mr. Trombetti's allegations, we cannot award him injunctive relief seeking the "halting of transfer of title, eviction, or sale" of his home and restoring title to him.[57]

Mr. Trombetti and Ms. Iczkowski also claim state actors denied them equal protection under the Fourteenth Amendment. The Fourteenth Amendment's Equal Protection Clause provides "[n]o State shall … deny any person within its jurisdiction the equal protection of the laws."[58] The Equal Protection Clause requires "equal treatment of all persons similarly situated."[59] To adequately state an equal protection claim, Mr. Trombetti and Ms. Iczkowski must allege "the Government has treated [them] differently from a similarly situated party and that the Government's explanation for the differing treatment does not satisfy the relevant level of scrutiny."[60]

Mr. Trombetti and Ms. Iczkowski do not allege state actors treated either or both of them differently than other similarly situated persons after two attempts to do so. We dismiss equal protection claims.

**5.    We dismiss the section 1985(3) conspiracy claims.**

Mr. Trombetti and Ms. Iczkowski allege all Defendants engaged in a conspiracy to violate their civil rights under section 1985(3).[61] To state a claim under the first clause of section 1985(3), Mr. Trombetti and Ms. Iczkowski must allege (1) "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action," and (2) "the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment."[62]

Mr. Trombetti and Ms. Iczkowski have not, after two tries, alleged racial or other class-based invidiously discriminatory animus to support a conspiracy claim. We dismiss this claim with prejudice.

**6.    We dismiss the Americans with Disabilities Act claim.**

Ms. Iczkowski alleges she is hearing-disabled within the meaning of the Americans with Disabilities Act. "Defendants"—without identifying which Defendant—"failed to accommodate her disability" and "actively obstructed" her reporting criminal activity in Aldan Borough, threatened her service dog in March 2024, and evicted her and seized her home without adequate notification or accommodation under the Act.[63]

The Americans with Disabilities Act is a federal civil rights statute prohibiting discrimination against people with disabilities.[64] The Act is broken into sections: Title I applies to employment; Title II applies to public entities and public transportation; Title III applies to public accommodations.

Ms. Iczkowski alleges Defendants violated section 12132 of Title II of the Act applicable to public entities. Section 12132 provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity."[65] A "public entity" includes "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government."[66] The term "qualified individual with a disability" means an "individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."[67]

To state a claim under Title II of the Act, Ms. Iczkowski must plead (1) she is a qualified individual; (2) with a disability; (3) excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or subjected to discrimination by any such entity; (4) by reason of her disability.[68] Ms. Iczkowski does not plausibly plead facts to support the third and fourth elements of a Title II claim under the Act: we cannot determine a service, program, or activity Aldan Borough Police denied her because of her disability. She alleges unidentified Aldan Borough police officers refused to "assist" her in filing unidentified police reports and non-party Officer Hollabaugh refused to take a report regarding a hate crime due to her disability.[69] These are conclusions without plausibly alleged facts.

Ms. Iczkowski does not adequately allege how "threats" to her service dog involving a Raymour and Flanagan truck in Mr. Trombetti's driveway is an exclusion from or denial of the benefits of services, programs, or activities of a public entity or which public entity evicted and seized her home (with no plausible allegation of ownership in a home) without accommodation and notification allegedly required by the Act, or how a public entity's "behavioral profile" caused

an exclusion from participation in or denial of the benefits of a service, program, or activity of a public entity.

We dismiss Ms. Iczkowski's claim under Title II of the Act.

## III. Conclusion

Mr. Trombetti and Ms. Iczkowski do not meet the requirements of Rule 8 or plausibly state claims under section 1983, the National Defense Authorization Act, or Americans with Disabilities Act after two attempts to do so. We dismiss their claims with prejudice.

---

[1] ECF 35.

[2] ECFs 39, 40, 41, 42.

[3] ECF 39 ¶¶ 60-66, 75-79.

[4] 41 U.S.C. § 4721; ECF 39 ¶¶ 67-72.

[5] ECF 39 ¶¶ 73-74.

[6] *Id.* ¶¶ 80-81.

[7] *Id.* ¶ 81.

[8] ECFs 35, 36. Congress, through 28 U.S.C. § 1915(e)(2)(B), requires us to screen complaints before we issue summons if we find Mr. Trombetti and Ms. Iczkowski's claims are frivolous or malicious, they do not state a claim on which relief may be granted, or they seek monetary relief against immune persons. *Id.* We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii). *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019). Mr. Trombetti and Ms. Iczkowski meet this standard if they plead "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We accept as true all well-pleaded factual allegations, draw all reasonable inferences in their favor, and construe their allegations in the light most favorable to them to determine whether they plausibly state a claim for relief. *Oakwood Laboratories LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021). We are obligated to liberally construe the pleadings of a pro se plaintiff. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339) (3d Cir. 2011). But pro se litigants must still allege sufficient facts to support their claims and "cannot flout procedural rules." *Vogt v. Wetzel*, 8 F.4th

182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

[9] ECF 35.

[10] ECF 36. We dismissed claims referring to federal criminal statutes with prejudice. We declined to exercise supplemental jurisdiction over state law claims absent a federal question.

[11] *Id.*

[12] *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

[13] *Id.*

[14] *Id.* at 93-94.

[15] ECF 35.

[16] *Id.* at 10-11.

[17] ECF 39-1. The ninety-one pages do not include the three additional separately filed "Exhibits" mixed in with what appears to be pleadings from this or another litigation together totaling over 800 pages. *See* ECFs 41, 42, 43.

[18] ECF 15.

[19] ECF 35.

[20] *Elansari*, 779 F. App'x at 1008.

[21] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[22] *Id.*

[23] ECF 39 ¶¶ 60-79.

[24] 42 U.S.C. § 1983; *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Congress through section 1983 provides a remedy for a violation of constitutional rights but it is not a source of substantive rights; it is a vehicle to vindicate federal rights "elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 provides, in relevant part: "Every person who, under color of any statute … of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …." 42 U.S.C. § 1983.

[25] *See e.g.*, ECF 39 ¶ 62.

[26] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)).

[27] *Id.* at 646 (citation omitted).

[28] *Id.* (quoting *Gorman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995)).

[29] We refer to James F. Burger, Therese Smith, Dave Smith, and Therese M. Burger collectively as "Family Defendants."

[30] ECF 39 ¶¶ 5-12.

[31] We refer to Mr. Clark, Mr. Plymouth, and Mr. Krauthamer as "Real Estate Defendants."

[32] ECF 39 ¶¶ 15-26, 77(c); ECF 39-1 § L.1.a at 32.

[33] ECF 39 ¶ 16-19. We have no understanding of the meaning of "Property Pal fraud."

[34] *Id.* ¶ 23.

[35] ECF 39 ¶¶ 26, 33-55; ECF 39-1 at 56-60.

[36] ECF 39 ¶¶ 33-48. Allegations in the amended Complaint against Mr. Goode are difficult to understand but we see no connection to any state actor named as a Defendant in this action.

[37] 41 U.S.C. § 4701 *et seq.*

[38] 41 U.S.C. § 4712(a)(1). The Act defines "person and bodies" as a Member of Congress or representative of a committee of Congress, an Inspector General, the Government Accountability Office, a federal employee responsible for contract or grant oversight or management at the relevant agency, an authorized official of the Department of Justice or other law enforcement agency, a court or grand jury, and a management office or other employee of the contractor, subcontractor, grantee, subrogee, or personal services contractor with the responsibility to investigate, discover, or address misconduct. *Id.* at § 4712(2).

[39] *Fuerst v. Housing Auth. of City of Atlanta, Ga.*, 38 F.4th 860, 869-70 (11th Cir. 2022).

[40] ECF 39 ¶ 61; ECF 39-1 at 5, § E.

[41] ECF 39-1 at 5-6, § E.

[42] *Id.* at 65-66, § L.

[43] 41 U.S.C. §§ 4712(b), (c).

---

[44] *Iovino v. Michael Stapleton Assocs., Ltd.*, 600 F. Supp. 3d 610, 618-19 (W.D. Va. 2022) (collecting cases).

[45] ECF 39 ¶¶ 63-64.

[46] *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (cleaned up) (footnote omitted).

[47] For example, Mr. Trombetti concedes he had tax debt but alleges Defendants prevented him from "curing" the tax deficiencies before the foreclosure sale of his home. ECF 39 ¶ 77.b.

[48] *AstraZeneca Pharm. LP v. Sec'y United States Dep't of Health and Human Servs.*, 137 F.4th 116, 125 (3d Cir. 2025) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006)).

[49] *Chambers ex rel. Chambers v. School Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009).

[50] Pennsylvania's General Assembly created tax claim bureaus for each county in the office of the county commissioners. 72 PA. STAT. § 5860.201. Each county bureau is authorized to receive and collect taxes and is an agent of a taxing district like Delaware County. *Id*. §§ 5820.204, 5860.208.

[51] *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691-95 (1978)).

[52] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[53] ECF 39 ¶ 77.b.

[54] 28 U.S.C. § 1341.

[55] *Faggiolo v. Cnty. of Delaware*, No. 24-2292, 2024 WL 4986934, at *2 (3d Cir. Dec. 5, 2024) (quoting *Fair Assessment in Real Est. Ass'n v. McNary*, 454 U.S. 100, 116 (1981) and *Kerns v. Dukes*, 153 F.3d 96, 101 (3d Cir. 1998)).

[56] *Id.* (citing *Gass v. Cnty. of Allegheny, Pa*., 371 F.3d 134, 139 (3d Cir. 2004)).

[57] We take judicial notice of an action to quiet title against Mr. Trombetti in the Delaware County Court of Common Pleas, *AB3 Buyers, LLC v. George F. Trombetti*, No. 2025-356. In that action, AB3 Buyers, LLC claims it purchased at an upset tax sale Mr. Trombetti's home in Aldan Borough which Mr. Trombetti allegedly continues to occupy. AB3 Buyers sued Mr. Trombetti seeking an order confirming it is the title holder, possession of the property, and order of ejectment, and rent from Mr. Trombetti. The action is currently pending in Delaware County with a pending motion for default filed by AB3 Buyers.

[58] U.S. CONST. amend. XIV, § 1.

[59] *Stradford v. Sec'y Pa. Dep't of Corr.*, 53 F.4th 67, 73 (3d Cir. 2022).

---

[60] *Id.*

[61] 42 U.S.C. § 1985(3).

[62] *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993) (internal citations and quotations omitted); *Henry v. Essex Cnty.*, 113 F.4th 355, 363 (3d Cir. 2024). Section 1985(3) provides in part: "If two or more persons in any State … conspire … for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; … the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

[63] ECF 39 ¶¶ 73-74. She also alleges unidentified "Defendants" improperly profiled her as a disabled person through "mechanisms like the USF-TIP Lab, potentially as a tool for control and targeting within the broader conspiracy." *Id.* ¶ 74.d. "USF" is identified as the University of South Florida home to the Trafficking in Persons Risk to Resilience ("TIP") Lab which monitors human trafficking trends. *Id.* ¶ 41.a. We have no understanding from the amended Complaint of the factual nexus between the University's lab and the complained-of conduct. We also note there is no allegation Ms. Iczkowski had or has an ownership interest in the Shisler Avenue, Aldan Borough property. The amended Complaint and supporting Memorandum consistently refers to the disputed Shisler Avenue property as owned by Mr. Trombetti.

[64] 42 U.S.C. § 12101, *et al*.

[65] *Id.* § 12132.

[66] *Id.* § 12131(1)(A), (B).

[67] *Id.* § 12131(2).

[68] *Geness v. Admin. Office of Pa. Courts*, 974 F.3d 263, 273-74 (3d Cir. 2020) (citation omitted) (footnote omitted).

[69] ECF 39 ¶ 74.a.